Chief Justice Robertson
delivered the Opinion of the Court,
This is a petition and summons,by James Mcllroy (as assigneeofMary Clark,)against Jlnderson Durnall. And the only question to be considered, is, whether Mcllroy was vested with the legal title to the note sued on.
The assignment is as follows: — “For value received I assign the within note to James Mcllroy” — (signed) “ James i?> Lees per Mary Clark."
We would presume that Lees made the assignment for, or as the agent of Mary Clark; and, as his authority has not been questioned, the assignment, in this view of it, was that of the constituent, and therefore effectual to pass her legal right in the note. Garrison et. al. vs. Combs, 7 J. J. M. 84. 1
But if, as the counsel for Durnall has argued, the as:sisnment be considered according to its literal import,-— o that is, an assignment by Mary Clark for Lees, — the judgment of the law would be the same; for, though it does not appear that Lees. had any assignable interest, still Mary Clark, the obligee, and actual assignor for him, should be estopped by her act; and thus the assignee is, in effect, vested with her right. But besides, if Lees had no interest, then she certainly retained the entire legal right as the abligee, and, having parted with the note by her own act and her own written assignment, she parted, of course, with her whole legal interest in it. Being the obligee, and having assigned the note for a stranger who had no interest, she acknowledged that the assignee was entitled to it, and that she had no longer any right to it. What more can be necessary to entitle him to the note? And what is an assignment of a note unless an act which divests the obligee of all legal right, and vests *408 it in the assignee, should be deemed to be an assignment entitling the assignee to all the legal rights of the assignor?
We are therefore of the opinion, that the judgment in. favor of Mcllroy was proper; and therefore it is affirm* ed, with costs and damages.